Jacquelyn GOODMAN, Walter Brown, Gail Gemberling and Scott Roberts, Appellants,

v.

The SUMMIT AT WEST RIM, LTD.; Weaver Interests, Inc.; and Evans P. Weaver, Individually, Appellees.

CITY OF AUSTIN, Texas and Planning Commission of the City of Austin, Texas/The Summit at West Rim, Ltd.; Weaver Interests, Inc.; and Evans P. Weaver, Individually, Appellants,

v.

The SUMMIT AT WEST RIM, LTD.; Weaver Interests, Inc.; and Evans P. Weaver,Individually/The City of Austin, Texas; The Planning Commission of the City of Austin,Texas; Walter Brown; Gail Gemberling; Scott Roberts; Jacquelyn Goodman; Don Bosse;Bob Cline; Richard Huffman; Brooks Kasson; Darrell W. Pierce; and Cathy Vasquez–Revilla, Appellees.

Nos. 03–96–00306–CV, 03–96–00307–CV.

Court of Appeals of Texas, Austin.

Sept. 11, 1997.

James E. Cousar, Thompson & Knight, P.C., Austin, for Walter Brown.

Jeffrey M. Friedman, Friedman & Weddington, Austin, for Gail Gemberling.

Wayne Gronquist, Austin, for Jacquelyn Goodman.

W. Routt Thornhill, Joseph & Thornhill, P.C., Austin, for Scott Roberts.

Stephen I. Adler, Barron & Adler, L.L.P., Austin, for The Summit at West Rim, Ltd, Weaver Interests, Inc. & Evans P. Weaver, Individually.

Andrew F. Martin, City Atty., Frederick A. Hawkins, Asst. City Atty., Austin, for City of Austin and Planning Commission.

Before CARROLL, C.J., and POWERS and JONES, JJ.

CARROLL, Chief Justice.

These associated appeals arise out of claims filed by The Summit at West Rim, Ltd., Weaver Interests, Inc., and Evans P. Weaver against the City of Austin, the Planning Commission of the City of Austin, and Planning Commission members Walter Brown, Gail Gemberling, Scott Roberts, Jacquelyn Goodman, Don Bosse, Bob Cline, Richard Huffman, Brooks Kasson, Darrell W. Pierce, and Cathy Vasquez–Revilla. On April 1, 1996, the probate court signed an order dismissing the cause for want of subject matter jurisdiction and transferring it to district court. The City of Austin, the Planning Commission of the City of Austin, Walter Brown, Gail Gemberling, Scott Roberts, and Jacquelyn Goodman (collectively "the third-party defendants") and The Summit at

West Rim, Ltd., Weaver Interests, Inc., and Evans P. Weaver (collectively "Weaver") perfected appeals from that order. The third-party defendants challenge the portion of the order transferring the cause to district court. Weaver challenges the portion of the order dismissing the cause for want of subject matter jurisdiction. We will modify the probate court's order and affirm it as modified.

## THE CONFLICT

This litigation began as a probate matter in 1992 when the executrix of the estate of Frances Larson Ledbetter sued Weaver to clear title to property it claimed to own. Ownership was disputed because Weaver had entered into a contract to purchase the property from Ledbetter. The purchase was conditioned on Weaver taking certain steps towards developing the property and receiving certain development approvals from the City of Austin. The estate alleged that Weaver had not done so.

Weaver countersued the estate and a co-owner of the property for specific performance because he claimed to have substantially performed under the contract. He also filed a third-party action against the City, claiming that it had hindered him from obtaining necessary development approvals. Weaver prayed for a mandamus directing the City to approve the revised preliminary plan, and, since he had performed under the contract, he prayed that the court require the sellers to convey the property to him in accordance with their contract. He also sued the third-party defendants for money damages, alleging that they were liable to him for wrongfully hindering issuance of the permits.

The probate court chose to exercise ancillary jurisdiction over the third-party claims, pursuant to Texas Probate Code section 5A(d).[1] Tex. Prob.Code Ann. § 5A(d) (West Supp.1997). By December 21, 1995, the probate court had dismissed all claims by and against the estate. At that point, the only unresolved claims in the probate court were Weaver's third-party claims against the City, the Planning Commission, and the individual commission members.

The third-party defendants then moved to dismiss the claims without prejudice on the ground that the probate court lacked subject matter jurisdiction to consider an ancillary claim after the underlying claim involving the estate had been settled. The probate court, agreeing, dismissed the claims but ordered them transferred to the district court.

## ANALYSIS

### I. Loss of Jurisdiction

The third-party defendants argue that regardless whether the probate court properly

---

1. Section 5A provides in relevant part:

(b) In proceedings in the statutory probate courts and district courts, the phrase "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons. All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions and applications filed against or on behalf of any heirship proceeding or decedent's estate, including estates administered by an independent executor. This subsection shall be construed in conjunction with and in harmony with Section 145 and all other sections of this Code dealing with independent executors, but shall not be construed so as to increase permissible judicial control over independent executors. All statutory probate courts shall have the same powers over independent executors that are exercisable by the district courts. In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in district court.
(c) A statutory probate court has concurrent jurisdiction with the district court in all actions:
(1) by or against a person in the person's capacity as a personal representative;
(2) involving an inter vivos trust;
(3) involving a charitable trust; and
(4) involving a testamentary trust.
(d) A statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy.
(e) Subsections (c) and (d) apply whether or not the matter is appertaining to or incident to an estate.
Tex. Prob.Code Ann. § 5A(d) (West Supp.1997).

exercised jurisdiction over Weaver's third-party actions, the probate court lost whatever jurisdiction it may have had when the estate settled. We agree. And, because we determine that the probate court lost jurisdiction over the ancillary causes when the estate settled, we need not determine whether the probate court properly exercised ancillary or pendent jurisdiction over the third-party defendants.

■■■ A court may exercise only the jurisdiction accorded it by the constitution or by statute. *City of Beaumont v. West,* 484 S.W.2d 789, 791 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). Subject matter jurisdiction may not be enlarged by an agreement between the parties or by a request that the court exceed its powers. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 445 (Tex.1993); *Burke v. Satterfield,* 525 S.W.2d 950, 953 (Tex.1975). A probate court is a specialized court that exists primarily for the limited purpose of administering decedents' estates. *See generally* Tex. Prob.Code §§ 5, 5A (West Supp.1997).

■■■ Weaver cites a line of cases for the proposition that a court does not lose subject matter jurisdiction once it attaches. Although that may be generally true, we believe the general rule does not apply in this situation. Loss of jurisdiction is characteristic of specialized courts. *See In re Estate of Hanau,* 806 S.W.2d 900, 904 (Tex.App.—Corpus Christi 1991, writ denied) (court lost jurisdiction to remove independent executrix after estate was closed). Likewise, federal district courts routinely lose jurisdiction over ancillary state claims if the federal claim conferring jurisdiction is dismissed before trial. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■■■ In Texas, the pendency of a probate proceeding is a requisite for a court's exercise of jurisdiction over matters related to it. In *Bailey v. Cherokee County Appraisal District,* 862 S.W.2d 581 (Tex.1993), the Texas Supreme Court stated that a trial court must have a probate case pending to exercise its jurisdiction over matters "incident to an estate." *See also In re Estate of Hanau,* 806 S.W.2d at 904 (court lost jurisdiction to remove independent executrix after estate was closed). We hold that the probate court may only exercise "ancillary" or "pendent" jurisdiction over a claim that bears some relationship to the estate. Once the estate settles, the claim is "ancillary" or "pendent" to nothing, and the court is without jurisdiction.

■■■ An analogous situation occurs in cases in which a court loses jurisdiction over an indispensable party. The court in which the proceeding was pending loses subject matter jurisdiction over the cause when an indispensable party is nonsuited. *Travis Heights Improvement Ass'n v. Small,* 662 S.W.2d 406, 413 (Tex.App.—Austin 1983, no writ); *see also Royal Petroleum Corp. v. McCallum,* 134 Tex. 543, 135 S.W.2d 958 (1940). Similarly, we hold that the estate is an "indispensable party" to any proceeding in the probate court. The estate's presence is required for the determination of any proceeding that is ancillary or pendent to an estate.

Most of the cases Weaver cites for the proposition that subject matter jurisdiction cannot be lost involve amount-in-controversy requirements. *See, e.g., Mr. W. Fireworks, Inc. v. Mitchell,* 622 S.W.2d 576, 577 (Tex. 1981) (trial court had jurisdiction to render judgment greater than jurisdictional limits since attorney's fees increased during trial of case); *Flynt v. Garcia,* 587 S.W.2d 109, 109–110 (Tex.1979) (trial court did not lose jurisdiction over case despite fact that amount in controversy grew beyond the court's jurisdictional limits). We distinguish these cases on the basis that they involved original, rather than ancillary, jurisdiction. The courts in question undoubtedly had jurisdiction over the *type* of proceeding involved; the fact that the amount in controversy increased over time would not complicate or extend the proceeding. Conversely, the probate court's consideration of tort and civil rights actions would complicate the probate proceeding and could interfere with the probate court's primary responsibility to administer estates.

■ The probate court had discretion to resolve ancillary claims against third parties only to the extent that such claims were necessary to resolve claims within its original jurisdiction. Any such discretion arguably vanished with the settlement and dismissal of the claim conferring original jurisdiction, which was the estate's original claim against Weaver. The court's discretion undoubtedly vanished with the dismissal of the estate from the probate court proceeding.

We conclude that the probate court had no discretion to continue to exercise ancillary jurisdiction over the third-party defendants after it dismissed the estate from the proceeding. We overrule Weaver's single point of error in cause number 03–96–00307–CV and two cross-points of error in cause number 03–96–00306–CV.

## II. Transfer to District Court

We next decide whether the probate court may transfer a cause that it has dismissed for want of subject matter jurisdiction to a district court. We hold that the portion of the order purporting to transfer the cause to district court is void for two reasons: first, because the probate court has no statutory authority to transfer a cause to district court, and second, because the probate court cannot transfer a cause that it has dismissed for want of subject matter jurisdiction.

### A. Statutory Authority to Transfer Cause

■ No statute authorizes the probate court to transfer this cause to district court. Travis County Probate Court No. 1 is a "statutory probate court." *See* Texas Gov't Code Ann. § 25.2291(c) (West Supp.1997).[2] It exercises the powers accorded it in Texas Probate Code sections 5 and 5A, and in Texas Government Code section 25.2293. Tex. Prob.Code Ann. §§ 5, 5A; Tex. Gov't Code Ann. § 25.2293. Although several stat-

utes give different courts power to transfer to other courts, none of the sections give a *statutory probate court* a general power to transfer a cause to the district court, much less to transfer a cause no longer pending in the probate court.

Texas Probate Code section 5(b) provides that where there is no statutory court exercising the jurisdiction of a probate court, the *county court* may transfer a probate proceeding to district court, with that judge's permission. Tex. Prob.Code Ann. § 5(b) (West Supp.1997). Also, Texas Probate Code section 5(c) provides that a *constitutional county court* may transfer a proceeding to the statutory court exercising the jurisdiction of a probate court. *Id.* § 5(c). But neither section 5(b) nor section 5(c) authorize a *statutory probate court* to transfer a proceeding to district court. *See Meek v. Mitchusson*, 588 S.W.2d 665, 666 (Tex.Civ. App.—Eastland 1979, writ ref'd n.r.e.) (county court order transferring contested probate matter to district court void because Texas Probate Code section 5(b) provides that transfer can be made only where no statutory court exercises jurisdiction of probate court, and in that case county court was statutory court exercising jurisdiction of probate court).

Finally, Texas Government Code section 74.121 provides that the "judge of a *statutory county court* may transfer a case to the docket of the district court, except that a case may not be transferred without the consent of the judge of the court to which it is being transferred and may not be transferred unless it is within the jurisdiction of the court to which it is transferred." Tex. Gov't Code Ann. § 74.121 (West Supp.1997). But Texas Government Code section 21.009(2) excludes a statutory probate court from the definition of "statutory county court." [3] *Id.* § 21.009(2); *see also* Tex. Gov't

**2.** Section 25.2293 provides that the statutory probate court in Travis County has the powers accorded a probate court by section 25.0021 (which includes the powers in sections 5 and 5A over matters incident to an estate, causes by or against a personal representative, and pendent and ancillary jurisdiction), jurisdiction concurrent with the county court to hear certain mental health proceedings, eminent domain jurisdiction,

and pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy. Tex. Gov't Code Ann. § 25.2293 (West Supp. 1997).

**3.** Section 74.121, which provides that the statutory county court may transfer a case to the docket of the district court, was added in 1989. Act of May 29, 1989, 71st Leg. R.S., ch. 646,

Code Ann. § 25.2291 (West Supp.1997) (distinguishing a "statutory probate court" from a "statutory county court"). Therefore, section 74.121 does not authorize Probate Court No. 1 to transfer a cause to a district court.

■ Weaver argues that the court has implied or inherent power to transfer. He cites Texas Government Code section 21.001(a) and *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979), both of which state that a court may take acts necessary to preserve its jurisdiction.[4] We have found no Texas case holding that a court has an inherent right to make decisions determining the rights of the litigants, and then to transfer the cause to another court, which presumably would be bound by the earlier decisions. Conversely, several Texas courts, including this one, have held that a court may not transfer a cause in the absence of a statute so authorizing. *See Milton v. Herman*, 947 S.W.2d 737 (Tex.App.—Austin 1997, orig. proceeding) (conditionally issuing mandamus because probate court's order transferring cause to itself was void); *DB Entertainment, Inc. v. Windle*, 927 S.W.2d 283 (Tex.App.—Fort Worth 1996, orig. proceeding) (conditionally issuing mandamus because probate court's order transferring cause to itself was void); *In re L.L.*, 821 S.W.2d 247, 250 (Tex.App.—San Antonio 1991, writ denied) (district court lacked jurisdiction over cause transferred to it from county court after jury trial had been completed because no statute authorized transfer); *Meek*, 588 S.W.2d at 666 (county court order transferring contested probate matter to district court void because Texas Probate Code section 5(b) provides that the transfer can be made only

where there is no statutory court exercising jurisdiction of probate court).

### B. Probate Court's Authority to Transfer After a Dismissal for Want of Subject Matter Jurisdiction

■ Further, a court has no authority to act on a matter it has dismissed for want of subject matter jurisdiction. Because the probate court did not have jurisdiction over the claims against the third-party defendants, the probate court had no power to take any act with respect to those claims other than to dismiss. *See Attorney Gen. of Tex. v. Sailer*, 871 S.W.2d 257, 258 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (once court determines it does not have jurisdiction, it can only dismiss and has no power to dismiss with prejudice); *Lopez v. Public Util. Comm'n*, 816 S.W.2d 776, 783–784 (Tex.App.—Austin 1991, writ denied) (if court has no jurisdiction, court can only dismiss and cannot order that plaintiff take nothing); *Brown v. Prairie View A & M Univ.*, 630 S.W.2d 405, 410 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Berger v. Berger*, 497 S.W.2d 453, 454 (Tex.Civ. App.—El Paso 1973, no writ) (if court has no jurisdiction it has no ability to pass on merits of case); *see also Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426 (Tex.App.—Dallas 1988, orig. proceeding) (probate court has no jurisdiction to transfer when it does not have jurisdiction over proceeding). We conclude that the probate court did not have the power to transfer the cause to district court.

We sustain Walter Brown's, Gail Gemberling's, Scott Roberts's, and Jacquelyn Goodman's cross-point of error in cause number

§ 16, 1989 Tex. Gen. Law 2134, 2138. At the time it was added, section 21.009(2) *included* a statutory probate court in the definition of "statutory county court." However, section 21.009(2) was amended in 1991 to specifically *exclude* a statutory probate court from the definition of statutory county court. Act of May 19, 1991, 72d Leg. R.S., ch. 394, § 1, 1991 Tex. Gen. Law 1506, 1507.

Although section 21.009(a) limits application of its definitions to that chapter, no other definition of a "statutory county court" appears in the code nor is there any indication that the legislature is using the word in another sense. We believe it is proper to cite section 21.009(2) for

the proposition that a statutory probate court is not included in the definition of a county court. *L & M Surco Mfg., Inc. v. Winn Tile Co.*, 580 S.W.2d 920, 926 (Tex.Civ.App.—Tyler 1979, writ dism'd) (court may take into consideration meaning of same language used elsewhere in act unless there is indication that different meaning was intended); *see also Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 180 n. 3 (Tex.1992).

4. Section 21.001(a) provides, "A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction." Tex. Gov't Code Ann. § 21.001(a) (West 1988).

CV–96–00307 and single point of error in cause number CV–96–00306, both of which challenge the probate court's transfer of the cause to district court. We also sustain the City's and the Planning Commission's cross-point of error in cause number CV–96–00307.

### CONCLUSION

We strike as void the portion of the probate court's judgment that purports to transfer the cause to district court and affirm the order as modified. Because of our disposition on the merits, we dismiss the commission members' motion to strike Weaver's cross appeal in cause number 03–96–00306–CV.