SABINE GAS TRANSMISSION
COMPANY, et al.,
Appellants,

v.

WINNIE PIPELINE COMPANY and
Southeastern Marketing Company,
et al., Appellees.

No. 14–99–00148–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 2, 2000.

Raymond J. Blackwood, Eric Lipper, Houston, for appellants.

Don A. Wetzel, Douglas R. Drucker, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and WITTIG.

## OPINION

PAUL C. MURPHY, Chief Justice.

This appeal arises from the probate court's dismissal of the claims of Winnie Pipeline Company and Southeastern Marketing Company (collectively "Winnie") against Sabine Gas Transmission Company and other defendants (collectively "Sabine") for lack of jurisdiction. Alleging that the probate court erred in finding it lost jurisdiction over Winnie's claims, Sabine asks us to reverse the probate court's dismissal of the claims and reinstate the case in the probate court. Though we agree with Sabine that the court's decision was erroneous, we find any error in the

court's finding was harmless and affirm its dismissal.

This case arose when Winnie filed assorted claims against Sabine and several others in a Montgomery County District Court arising from alleged bribes and kickbacks taken under a percentage gas sales contract. Two of the named defendants were the independent co-executors of the Walter Fawcett estate (the Executors), which was being probated in Harris County Probate Court No. 2. The Executors moved to transfer Winnie's claims to Harris County, based on the assertion that the probate court had dominant, concurrent, or pendent jurisdiction over the claims since the Executors were parties to the suit. The probate court granted the Executors' motion and consolidated these claims with the probate proceeding. Eventually, Winnie settled with the Executors, non-suited its claims against them, and moved to have its remaining claims against Sabine dismissed for lack of jurisdiction. The probate court granted Winnie's motion and dismissed its claims without prejudice, making an express finding that it lost jurisdiction over the claims. Sabine appealed.

■ In support of its position, Sabine points to the general rule that once a court obtains jurisdiction over a case, it retains jurisdiction throughout the case. Sabine argues for the application of this rule to probate courts, making the probate court's dismissal of Winnie's claims an abuse of discretion. Sabine cites many cases in support of this proposition, though none of them squarely address the issue before the court. *See, e.g., Bell v. Moores,* 832 S.W.2d 749, 754 (Tex.App.-Houston [14th Dist.] 1992, writ denied) (finding that a trial court cannot acquire jurisdiction over claims while a suit is pending); *but see* Tex. Prob.Code Ann. § 5A(d) (allowing a probate court to exercise ancillary or pendent jurisdiction over claims after the probate proceeding has begun). Winnie, however, relies heavily on a case from the Austin Court of Appeals, *Goodman v.*

*Summit at West Rim, Ltd.,* 952 S.W.2d 930 (Tex.App.-Austin 1997, no pet.), which it believes is directly on point.

In *Goodman,* the court addressed an issue similar to the one we must address today: Does a probate court abuse its discretion finding it lost jurisdiction over ancillary and pendent claims once the estate is dismissed from the probate proceeding? *See id.* There, Frances Ledbetter entered into a contract for the sale of land with Weaver. *See id.* at 932. The sale was conditioned upon Weaver taking steps to develop the property. *See id.* Sometime after this contract was entered into, Ledbetter died and his estate was admitted to probate. *See id.* His estate sued Weaver to clear title to the property. *See id.* Weaver countersued the estate for specific performance and filed a third party claim against the City of Austin, alleging that the City had prevented him from obtaining approvals necessary to allow the property to be developed and from meeting the conditions of the contract. *See id.*

Pursuant to the estate's motion to consolidate, the probate court exercised its ancillary and pendent jurisdiction under Section 5A of the Probate Code and consolidated the third-party and counterclaims with the probate proceeding. *See id.* After Weaver settled with the estate and the estate administration was completed, the City moved to dismiss the remaining claims on the ground that the probate court lacked subject matter jurisdiction. *See id.* The probate court granted the dismissal and Weaver appealed. *See id.*

The court of appeals upheld the dismissal, holding that "the probate court had no discretion to continue to exercise ancillary jurisdiction over the [City] after it dismissed the estate from the proceeding." *Id.* at 934. The court explained its holding by noting that a probate court's ancillary jurisdiction arises only over a claim that bears some relationship to the estate. *See id.* at 933. If the estate is dismissed from the probate proceeding, the claim loses its ancillary nature since there is no claim

within the court's jurisdiction to which the ancillary or pendent claim relates. *See id.* Because it found the claims against the City to be ancillary or pendent to nothing, the court held the probate court lost jurisdiction. *See id.*

Here, unlike the situation in *Goodman*, the estate was still a party to the probate proceeding when the trial court dismissed the ancillary and pendent claims.[1] Thus, the probate court's reliance on this case in finding that it lost jurisdiction was misplaced. Rather, this case involves an issue not before the *Goodman* court—Does a probate court abuse its discretion by holding that it loses jurisdiction over claims which it has ancillary or pendent jurisdiction when no other claims before the court have any relationship to those claims even though the estate administration is still pending?

■ Before analyzing the probate court's actions, it is important to determine how it acquired jurisdiction over the claims before it. The probate court acquired jurisdiction over the claims against the Executors under § 5A(c) of the Probate Code which states "[a] statutory probate court[2] has concurrent jurisdiction with the district court in all actions by or against a person in the person's capacity as a personal representative."[3] TEX. PROB. CODE ANN. § 5A(c)(1) (Vernon Supp.2000). The court acquired jurisdiction over the claims against Sabine under § 5A(d), which provides that "[a] statutory probate court may exercise the pendent and ancillary jurisdiction[4] necessary to promote judicial efficiency and economy." *Id.* § 5A(d) (Vernon Supp.2000). Further, the Code allows probate courts to exercise concurrent, pendent, or ancillary jurisdiction over claims regardless of whether the claims are appertaining or incident to the estate. *See* Acts 1989, 71ˢᵗ Leg., ch 1035, § 3, eff. Sept. 1, 1989, *amended by* Acts 1999, 76ᵗʰ Leg., ch. 64, § 1, eff. Sept. 1, 1999.[5]

Based on the plain meaning of Section 5A, we find that, while the court acted within its discretion by dismissing Winnie's claims against Sabine, it abused its discretion by finding that it lost jurisdiction over those claims while the estate was still pending. While the probate court's exercise over Winnie's claims against Sabine was permissive, there is no basis in the statute itself for holding that the court lost jurisdiction over those claims once the claims against the Executors were settled. Should the court have desired, it could have dismissed the claims based on a finding that its continued entertainment of them would not promote "judicial efficien-

---

1. The *Goodman* court addressed in dicta whether the probate court loses jurisdiction when claims against the estate are settled and the estate is dismissed but before the completion of the estate administration proceeding. It stated that the dismissal of the claim giving the probate court original jurisdiction "arguably" deprived the court of jurisdiction over the pendent and ancillary claims. *See Goodman*, 952 S.W.2d at 934.

2. This provision applies to the court below. *See* TEX. GOVT.CODE ANN. § 25.1031(c)(2) (Vernon 1988 & Supp.2000) (naming Harris County Probate Court No. 2 as a statutory probate court).

3. Independent executors are included within the Probate Code's definition of "personal representative," allowing the court to exercise jurisdiction over the Executors. *See* TEX. PROB.CODE ANN. § 3(aa) (Vernon Supp.2000).

4. The Texas Supreme Court has defined pendent and ancillary jurisdiction. Ancillary jurisdiction generally involves claims that are asserted defensively, such as counterclaims. *See Eagle Properties Ltd. v. Scharbauer*, 807 S.W.2d 714, 719 n. 3 (Tex.1990). Pendent jurisdiction is defined as jurisdiction over parties not named in claims properly before the court when there is no independent basis for the court's jurisdiction. *See id.*

5. The newest version of this subsection omits claims by or against a person in that person's capacity as a personal representative from its coverage. *See* TEX. PROB.CODE ANN. § 5A(e) (Vernon Supp.2000). Apparently, such claims must now be appertaining to or incident to an estate for a probate court to exercise jurisdiction over them.

cy and economy." However, the probate court did not lose jurisdiction; its jurisdiction over the claims would still run concurrently with the district court.

Having found that the court abused its discretion, we must determine if the error was harmless. *See* TEX.R. APP. P. 44.1. Here, it is clear that the court had the discretionary power to dismiss the claims. Probate courts exercise their ancillary or pendent jurisdiction over non-probate claims only when doing so aids the efficient administration of the estate. *See* TEX. PROB.CODE ANN. § 5A(d). The impetus behind the court's decision is usually, as it was in this case, the close relationship between the non-probate claims and the claims against the estate. Once that relationship ceases to exist due to the settlement or dismissal of the claim against the estate, the court may find its resolution of the non-probate claims no longer efficient.

Here, since the court could have dismissed the claims without finding that it lost jurisdiction, we find the error in dismissing the claims for lack of jurisdiction harmless. Accordingly, we affirm the judgment of the trial court.