COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-05-374-CV

 

 

 

GEORGE P. KONDOS                                                          APPELLANTS

AND CAROL C. KONDOS

                                                   V.

 

BERNARD V.
CARRICO, JR.                                                   APPELLEES

AND JUDITH A. CARRICO

------------

 

FROM THE
PROBATE COURT OF DENTON COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

I.  Introduction








Appellants George P. and Carol C. Kondos (AKondoses@)
challenge the probate court=s
judgment awarding Bernard V. and Judith A. Carrico (ACarricos@)
damages for a breach of contract claim. 
In one of their five issues on appeal, the Kondoses allege that the
probate court lacked jurisdiction over the case.  Because both the Carricos= live
pleadings and the trial court=s
damages award exceed the trial court=s
amount-in-controversy jurisdiction, we will sustain the Kondoses fifth issue,
vacate the trial court=s judgment and dismiss the case
for want of jurisdiction.

II.  Factual and Procedural Background

The essential facts are the following.  In late 1990, the Carricos conveyed a
twenty-acre tract of real property to the Kondoses.  Subsequently, the parties executed a right of
first refusal (AROFR@)
agreement whereby the Kondoses agreed to give the Carricos written notice of
any third-party offers to purchase the tract and to permit the Carricos the
right to repurchase or to refuse to repurchase the property at the offered
price.  About eight years later, the
Kondoses conveyed eight acres of the tract to Robbins Enterprises, Inc. (ARobbins@)
without first notifying the Carricos of Robbins=s offer
to purchase the property.  Twenty-eight
days later, the Kondoses provided notice of the sale to the Carricos, allegedly
giving the them an opportunity to repurchase the property notwithstanding the
previous conveyance to Robbins.[2]  The Carricos did not pursue that
opportunity.  








Based on the uncertainty generated by the ROFR,
Robbins sued the Carricos in the Denton County statutory probate court to quiet
title, asserting that the Carricos= ROFR
clouded its title to the property.  The
Carricos filed a cross-claim against the Kondoses for damages arising from the
Kondoses= alleged
breach of the ROFR.  Robbins and the
Carricos settled the quiet title claim, leaving only the breach of contract
cross-claim pending before the Denton County statutory probate court.  

Both parties, as well as the probate court,
questioned the court=s subject matter jurisdiction
over the Carricos= breach of contract claim
against the Kondoses.  In fact, at one
time or another, both the Carricos and Kondoses filed motions averring that the
statutory probate court did not have jurisdiction over the cross-claim.  Despite both parties=
assertions that the statutory probate court lacked jurisdiction, and the
probate court=s own uncertainty regarding the
matter,[3]
the probate court retained the Carricos= breach
of contract cross-claim against the Kondoses. 








The Kondoses subsequently filed a motion for
summary judgment contending that the Carricos=
cross-claim was barred by the election of remedies doctrine.  The statutory probate court granted the
Kondoses= motion
for summary judgment, but we reversed and remanded in a prior opinion.  See Carrico v. Kondos, 111 S.W.3d 582,
588 (Tex. App.CFort Worth 2003, pet. denied).[4]  On remand and after the parties agreed to
waive a jury trial, the trial court rendered judgment in favor of the Carricos
and awarded them damages in the amount of $300,000 plus pre- and post-judgment
interest and attorney=s fees.  

III.  Probate Court Lacked Jurisdiction Over
Cross-Claim

 








In their fifth issue, the Kondoses contend that
the probate court lacked jurisdiction over the Carricos= breach
of contract cross-claim.  On appeal, both
the Kondoses and the Carricos agree that the probate court had jurisdiction
over Robbins=s underlying quiet title
action.  The Kondoses and Carricos
disagree, however, about what they characterize as the court=s continued
exercise of jurisdiction over the breach of contract cross-claim after the
Carricos and Robbins settled the quiet title action.  For the reasons set forth below, we hold that
the statutory probate court never possessed jurisdiction over the Carricos= breach
of contract cross-claim.

A. 
Standard of Review

A trial court=s
subject matter jurisdiction is never presumed. 
See Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex.
1993).  Our jurisdiction over the merits
of an appeal generally extends no further than that of the court from which the
appeal is taken.  Ward v. Malone,
115 S.W.3d 267, 269 (Tex. App.CCorpus
Christi 2003, pet. denied).  Thus, if the
trial court lacked jurisdiction, we typically have jurisdiction only to set the
trial court=s judgment aside and dismiss the
cause.  Shell Cortez Pipeline Co. v.
Shores, 127 S.W.3d 286, 292 (Tex. App.CFort
Worth 2004, no pet.).

B.  Probate Court=s Subject Matter
Jurisdiction Over Breach of 

Contract
Claim

 








Two statues potentially vest the statutory
probate court of Denton County with subject matter jurisdiction over the
Carricos= breach
of contract claim, probate code section 5A and government code section 25.0635.[5]  See Acts of May 23, 1989, 71st Leg.,
ch. 1035, ' 3, 1989 Tex. Gen. Laws 4162,
4163-64, repealed by Act of May 28, 2003, 78th Leg., R.S., ch. 1060, ' 16,
2003 Tex. Gen. Laws 3052, 3057; Act of June 8, 1995, 74th Leg., R.S., ch. 328, ' 3, 1995
Tex. Gen. Laws 2831, 2833-34 (amended 2001) (current version at Tex. Gov=t Code Ann. ' 25.0635
(Vernon 2004)).

1. 
Probate Code Section 5A

The version of probate code
section 5A in effect when the Carricos filed their cross-claim authorized
statutory probate courts to exercise pendent and ancillary jurisdiction
necessary to promote judicial efficiency and economy when the pendent or
ancillary claims bear some relationship to an estate pending before the court
or when exercising jurisdiction would aid in the efficient administration of an
estate pending in the probate court.  See
Acts of May 23, 1989, 71st Leg., ch. 1035, ' 3, 1989
Tex. Gen. Laws 4162, 4163-64 (repealed 2003); Shell Cortez Pipeline Co.,
127 S.W.3d at 294-95; Goodman v. Summit at W. Rim, Ltd., 952
S.W.2d 930, 934 (Tex. App.CAustin
1997, no pet.) (holding that section 5A(d) gives a probate court Adiscretion
to resolve ancillary claims against third parties only to the extent that such
claims were necessary to resolve claims within its original jurisdiction@).













Both the Kondoses and Carricos cite the same two
cases for their opposite contentions concerning whether the statutory probate
court here either did or did not lose jurisdiction over the Carricos=
cross-claim when the Robbins settled the quiet title action.  See Sabine Gas Transp. Co. v. Winnie
Pipeline Co., 15 S.W.3d 199, 200-01 (Tex. App.CHouston
[14th Dist.] 2000, no pet.) (determining whether statutory probate court=s
jurisdiction over unrelated claims vanished when the underlying claims against
executors of estate settled); Goodman, 952 S.W.2d at 932 (determining
whether statutory probate court=s
jurisdiction over third-party claims against executors of estate vanished after
the probate court dismissed all claims by and against the estate).  But the procedural posture of this case is
distinguishable from both Sabine and Goodman, where the issue was
whether the statutory probate court=s
jurisdiction pursuant to probate code section 5A vanished upon subsequent
events.  See Sabine Gas Transp. Co.,
15 S.W.3d at 200-01; Goodman, 952 S.W.2d at 932.  Here, the probate court undisputedly
exercised its initial jurisdiction over Robbins=s quiet
title action pursuant to government code section 25.0635(d); the probate court=s
jurisdiction pursuant to probate code section 5A was not invoked.[6]  Accordingly, we hold that probate code
section 5A did not confer subject matter jurisdiction on the Denton County
statutory probate court over the Carricos= breach
of contract action.  If the probate court
had subject matter jurisdiction over the breach of contract cross-claim at
issue here, that jurisdiction must arise from government code section 25.0635.

2. 
Government Code Section 25.0635

The government code confers a special grant of
jurisdiction on the Denton County statutory probate court.  See Tex.
Gov=t Code Ann. ' 25.0635
(Vernon 2004).  The code provision
applicable at the time the underlying quiet title and cross-claims were filed
read as follows:

(a) A statutory probate court in Denton county has the jurisdiction
provided by law for a county court . . . .

 

(b) A statutory probate court has the civil jurisdiction provided by
Section 25.0003 for statutory county courts.

 

. . . .

 

(d) A statutory probate court has jurisdiction, regardless of the
amount in controversy or remedy sought, over eminent domain cases as provided
by Section 21.001, Property Code, for statutory county courts; direct and
inverse condemnation cases; adjudication and determination of land titles,
whether or not ancillary to eminent domain proceedings; partition cases; suits
to quiet title; trespass to try title; lien foreclosures; and adjudication
of all freehold and leasehold interests, easements, licenses, and boundaries of
real property; with all ancillary or pendent jurisdiction necessary for
adjudication of an eminent domain case as provided by Sections 21.002 and
21.003, Property Code.

 

Act of June 8, 1995, 74th Leg., R.S., ch. 328, ' 3, 1995
Tex. Gen. Laws at 2833-34 (emphasis added).

 








a. 
Section 25.0635(d)

The Carricos allege that the probate court had
jurisdiction over their breach of contract cross-claim under section
25.0635(d).  To determine whether the
cross-claim fell within the probate court=s
jurisdiction under section 25.0635(d), we must first understand the nature of
the cross-claim.  The Carricos=
cross-claim alleged that the Kondoses breached the ROFR.  A ROFR becomes an option contract once the
landowner decides to sell the property.  See,
e.g., City of Brownsville v. Golden Spread Elec. Co-op, Inc., 192 S.W.3d
876, 880 (Tex. App.CDallas 2006, pet. denied)
(holding that a ROFR becomes an enforceable option once a property owner gives
notice of his intent to sell).  An option
contract does not pass title or transfer, sell, or convey any interest in
property.  See Graham v. Dean Gilbert,
Inc., No. 05-97-01937-CV, 2000 WL 31798, at *1 (Tex. App.CDallas
Jan. 18, 2000, no pet.) (not designated for publication); see also Roberts
v. Armstrong, 231 S.W. 371, 374 (Tex. 1921); Click v. Seale, 519
S.W.2d 913, 918 (Tex. Civ. App.CAustin
1975, writ ref=d n.r.e.).  Accordingly, the ROFR did not give the
Carricos any title or interest in the property ultimately conveyed to Robbins,
and any claim for breach of the ROFR is therefore not a claim involving legal
title or interests in property.








Section 25.0635(d) authorizes the exercise of
jurisdiction over eminent domain suits, suits to quiet title, cases
adjudicating and determining land titles, cases adjudicating all freehold and
leasehold interests, easements, licenses and boundaries of real property, and all
ancillary and pendent jurisdiction necessary to adjudicate eminent domain
cases, regardless of the amount in controversy. 
Act of June 8, 1995, 74th Leg., R.S., ch. 328, ' 3, 1995
Tex. Gen. Laws at 2833-34.  

The Carricos make excellent and persuasive
arguments that the Aregardless of the amount in
controversy@ language applies to each and
every type of claim listed in government code section 25.063(d), thereby giving
the Denton County statutory probate court unlimited amount-in-controversy
jurisdiction over the statutorily identified claims.  But we need not address whether the Aregardless
of the amount in controversy@
language of government code section 25.063(d) applies only to eminent domain
cases orCas
argued by the CarricosCalso applies to each type of
suit listed in subsection (d), because a breach of contract claim is
undisputedly not identified in the statute as the type of claim over which the
statutory probate court possesses jurisdiction. 
Thus, section 25.063(d) does not confer subject matter jurisdiction on
the statutory probate court over a breach of contract cross-claim; a breach of
contract cross-claim does not fall within the ambit of the listed claims.  








Because the Carricos did not seek specific
performance of the ROFR,[7]
and because the ROFR did not convey any title or interest in real property, we
hold that the statutory probate court did not have jurisdiction under section
25.0635(d) over the Carricos= breach
of contract cross-claim; that claim could not adjudicate or determine title to
or interests in real property.  See
id.  We therefore hold that section
25.0635(d), as it applies to the facts of this case, did not confer
jurisdiction on the Denton County statutory probate court over the Carricos= breach
of contract cross-claim.

b. 
Section 25.0635(b)








The Denton County statutory probate court did
have subject matter jurisdiction over the breach of contract cross-claim if it
fell within the ambit of section 25.0635(b). 
Government code section 25.0635(b) gives the Denton County statutory
probate court concurrent jurisdiction with statutory county courts.  See Act of June 8, 1995, 74th Leg.,
R.S., ch. 328, 1995 Tex. Gen. Laws at 2833-34. 
Statutory county courts have concurrent jurisdiction with district
courts over civil cases in which the amount in controversy is not less than
$500 or more than $100,000.  Tex. Gov=t Code Ann. '
25.0003(c)(1); Smith v. Clary Corp., 917 S.W.2d 796, 798 (Tex.
1996).  The probate court therefore had
subject matter jurisdiction over the Carricos= breach
of contract cross-claim, but that jurisdiction is limited by the maximum and
minimum amount-in-controversy limits in section 25.0003(c)(1).  See United Servs. Auto. Ass=n v.
Brite, 50 Tex. Sup. Ct. J. 379, 2007 WL 283826, at *2-3 (Tex. Feb. 2,
2007).  As we discuss below, the Carricos= claim
exceeded those limits.

C. Amount-in-Controversy Exceeded Probate Court=s
Jurisdictional Grant

In their fourthCliveCamended
cross-claim, the Carricos pleaded that they had Abeen and
will continue to be damaged in the amount of $1,663,370.00 which is in excess
of the maximum jurisdictional limits of this Court.@
[Emphasis added.]  








A counterclaim, whether permissive or compulsive,
must be within the court=s jurisdiction.  Smith, 917 S.W.2d at 798; see also
French v. Moore, 169 S.W.3d 1, 8 (Tex. App.CHouston
[1st Dist.] 2004, no pet.) (setting forth general rules for
amount-in-controversy jurisdiction).  If
even a compulsory counterclaim must independently satisfy a trial court=s
amount-in-controversy jurisdiction, then clearly so must a cross-claim.  Here, the Carricos pleaded for and were
awarded damages in excess of $100,000. 
Accordingly, the Denton County statutory probate court lacked amount-in-controversy
jurisdiction over the breach of contract cross-claim under section
25.0635(b).  See Clary Corp.,
917 S.W.2d at 798; see also Brite, 2007 WL 283826, at *2-3 (holding that
county court lacked subject matter jurisdiction where amended petition sought
damages in excess of court=s
maximum amount-in-controversy jurisdictional limit of $100,000).  We sustain the Kondoses= fifth
issue.

IV.  Conclusion

Because our resolution of the Kondoses= fifth
issue is dispositive, we need not address their first four issues.  See Tex.
R. App. P. 47.1.  Having sustained
the Kondos=s fifth issue, we vacate the trial
court=s
judgment and dismiss this case for want of jurisdiction.  See Tex.
R. App. P. 43.2(e);  Thomas v.
Long, 207 S.W.3d 334, 338-39 (Tex. 2006) (explaining that court should
dismiss claims over which jurisdiction is lacking).

 

SUE
WALKER

JUSTICE

 

PANEL B:  LIVINGSTON, DAUPHINOT and WALKER, JJ.

 

DELIVERED:  March 8, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]We do not address the
merits of this issue because the subject matter jurisdiction issue is
dispositive.  





[3]The Kondoses filed a
motion to dismiss, alleging that the probate court lacked jurisdiction.  The record does not contain the transcript of
the hearing on the Kondoses= motion to dismiss, but in a subsequent hearing
the probate court discussed its prior order denying the motion to dismiss and
stated that it was Ainclined to transfer the
case to a district court to avoid any question.@ 





[4]The jurisdictional issue
was not raised in the prior appeal.





[5]Both statutes have been
amended and repealed, respectively, since the Carricos filed their cross-claim,
but we apply the statutes in effect at that time.





[6]In fact, the Carricos
agree that A[i]n this case there was no
estate or estate representative involved whatsoever, and the Carricos do not
claim, nor have they ever claimed, that the jurisdiction of the trial court was
founded on any provision of the Probate Code.@





[7]A claim seeking specific
performance of a right of first refusal arguably may be an Aadjudication and
determination of land titles@ under section 25.0635(d).  See generally A.G.E., Inc. v. Buford,
105 S.W.3d 667, 673 (Tex. App.CAustin 2003, pet. denied).  In their brief, the Carricos claim that they
did seek specific performance in their cross-claim against the Kondoses.  But we have reviewed the Carricos= live cross-claim and it
does not seek specific performance.