COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-374-CV

GEORGE P. KONDOS APPELLANTS

AND CAROL C. KONDOS

V.

BERNARD V. CARRICO, JR. APPELLEES

AND JUDITH A. CARRICO

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellants George P. and Carol C. Kondos (“Kondoses”) challenge the probate court’s judgment awarding Bernard V. and Judith A. Carrico (“Carricos”) damages for a breach of contract claim.  In one of their five issues on appeal, the Kondoses allege that the probate court lacked jurisdiction over the case.  Because both the Carricos’ live pleadings and the trial court’s damages award exceed the trial court’s amount-in-controversy jurisdiction, we will sustain the Kondoses fifth issue, vacate the trial court’s judgment and dismiss the case for want of jurisdiction.

II.  Factual and Procedural Background

The essential facts are the following.  In late 1990, the Carricos conveyed a twenty-acre tract of real property to the Kondoses.  Subsequently, the parties executed a right of first refusal (“ROFR”) agreement whereby the Kondoses agreed to give the Carricos written notice of any third-party offers to purchase the tract and to permit the Carricos the right to repurchase or to refuse to repurchase the property at the offered price.  About eight years later, the Kondoses conveyed eight acres of the tract to Robbins Enterprises, Inc. (“Robbins”) without first notifying the Carricos of Robbins’s offer to purchase the property.  Twenty-eight days later, the Kondoses provided notice of the sale to the Carricos, allegedly giving the them an opportunity to repurchase the property notwithstanding the previous conveyance to Robbins.
(footnote: 2)  The Carricos did not pursue that opportunity.  

Based on the uncertainty generated by the ROFR, Robbins sued the Carricos in the Denton County statutory probate court to quiet title, asserting that the Carricos’ ROFR clouded its title to the property.  The Carricos filed a cross-claim against the Kondoses for damages arising from the Kondoses’ alleged breach of the ROFR.  Robbins and the Carricos settled the quiet title claim, leaving only the breach of contract cross-claim pending before the Denton County statutory probate court.  

Both parties, as well as the probate court, questioned the court’s subject matter jurisdiction over the Carricos’ breach of contract claim against the Kondoses.  In fact, at one time or another, both the Carricos and Kondoses filed motions averring that the statutory probate court did not have jurisdiction over the cross-claim.  Despite both parties’ assertions that the statutory probate court lacked jurisdiction, and the probate court’s own uncertainty regarding the matter,
(footnote: 3) the probate court retained the Carricos’ breach of contract cross-claim against the Kondoses. 

The Kondoses subsequently filed a motion for summary judgment contending that the Carricos’ cross-claim was barred by the election of remedies doctrine.  The statutory probate court granted the Kondoses’ motion for summary judgment, but we reversed and remanded in a prior opinion.  
See Carrico v. Kondos
, 111 S.W.3d 582, 588 (Tex. App.—Fort Worth 2003, pet. denied).
(footnote: 4)  On remand and after the parties agreed to waive a jury trial, the trial court rendered judgment in favor of the Carricos and awarded them damages in the amount of $300,000 plus pre- and post-judgment interest and attorney’s fees.  

III.  Probate Court Lacked Jurisdiction Over Cross-Claim

In their fifth issue, the Kondoses contend that the probate court lacked jurisdiction over the Carricos’ breach of contract cross-claim.  On appeal, both the Kondoses and the Carricos agree that the probate court had jurisdiction over Robbins’s underlying quiet title action.  The Kondoses and Carricos disagree, however, about what they characterize as the court’s 
continued 
exercise of jurisdiction over the breach of contract cross-claim after the Carricos and Robbins settled the quiet title action.
  For the reasons set forth below, we hold that the statutory probate court never possessed jurisdiction over the Carricos’ breach of contract cross-claim.

A.  Standard of Review

A trial court’s subject matter jurisdiction is never presumed.  
See Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 443-44 (Tex. 1993).  Our jurisdiction over the merits of an appeal generally extends no further than that of the court from which the appeal is taken.  
Ward v. Malone
, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied).  Thus, if the trial court lacked jurisdiction, we typically have jurisdiction only to set the trial court’s judgment aside and dismiss the cause.  
Shell Cortez Pipeline Co. v. Shores
, 127 S.W.3d 286, 292 (Tex. App.—Fort Worth 2004, no pet.).

B.  Probate Court’s Subject Matter Jurisdiction Over Breach of 

Contract Claim

Two statues potentially vest the statutory probate court of Denton County with subject matter jurisdiction over the Carricos’ breach of contract claim, probate code section 5A and government code section 25.0635.
(footnote: 5)  
See
 Acts of May 23, 1989, 71st Leg., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4163-64, 
repealed by 
Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 16, 2003 Tex. Gen. Laws 3052, 3057; Act of June 8, 1995, 74th Leg., R.S., ch. 328, § 3, 1995 Tex. Gen. Laws 2831, 2833-34 (amended 2001) (current version at 
Tex. Gov’t Code Ann.
 § 25.0635 (Vernon 2004)).

1.  Probate Code Section 5A

The version of probate code section 5A in effect when the Carricos filed their cross-claim authorized statutory probate courts to exercise pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy when the pendent or ancillary claims bear some relationship to an estate pending before the court or when exercising jurisdiction would aid in the efficient administration of an estate pending in the probate court.  
See
 Acts of May 23, 1989, 71st Leg., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4163-64 (repealed 2003); 
Shell Cortez Pipeline Co.
, 127 S.W.3d at 294-95; 
Goodman
 
v. Summit at W. Rim, Ltd.
, 952 S.W.2d 930, 934 (Tex. App.—Austin 1997, no pet.) (holding that section 5A(d) gives a probate court “discretion to resolve ancillary claims against third parties only to the extent that such claims were necessary to resolve claims within its original jurisdiction”)
.

Both the Kondoses and Carricos cite the same two cases for their opposite contentions concerning whether 
the statutory probate court here either did or did not 
lose
 jurisdiction over the Carricos’ cross-claim when the Robbins settled the quiet title action.  
See Sabine Gas Transp. Co. v. Winnie Pipeline Co.
, 15 S.W.3d 199, 200-01 (Tex. App.—Houston [14th Dist.] 2000, no pet.) 
(determining whether statutory probate court’s jurisdiction over unrelated claims vanished when the underlying claims against executors of estate settled); 
Goodman
, 952 S.W.2d at 932 (determining whether statutory probate court’s jurisdiction over third-party claims against executors of estate vanished after the probate court dismissed all claims by and against the estate).  But the procedural posture of this case is distinguishable from both 
Sabine
 and 
Goodman
, where the issue was whether the statutory probate court’s jurisdiction pursuant to probate code section 5A vanished upon subsequent events.  
See Sabine Gas Transp. Co.
, 15 S.W.3d at 200-01; 
Goodman
, 952 S.W.2d at 932.  Here, the probate court undisputedly exercised its initial jurisdiction over Robbins’s quiet title action pursuant to government code section 25.0635(d); the probate court’s jurisdiction pursuant to probate code section 5A was not invoked.
(footnote: 6)  Accordingly, we hold that probate code section 5A did not confer subject matter jurisdiction on the Denton County statutory probate court over the Carricos’ breach of contract action.  If the probate court had subject matter jurisdiction over the breach of contract cross-claim at issue here, that jurisdiction must arise from government code section 25.0635.

2.  Government Code Section 25.0635

The government code confers a special grant of jurisdiction on the Denton County statutory probate court.  
See 
Tex. Gov’t Code Ann.
 § 25.0635 (Vernon 2004).  The code provision applicable at the time the underlying quiet title and cross-claims were filed read as follows:

(a) A statutory probate court in Denton county has the jurisdiction provided by law for a county court . . . .

(b) A statutory probate court has the civil jurisdiction provided by Section 25.0003 for statutory county courts.

. . . .

(d) A statutory probate court has jurisdiction, regardless of the amount in controversy or remedy sought, over eminent domain cases as provided by Section 21.001, Property Code, for statutory county courts; direct and inverse condemnation cases; adjudication and determination of land titles, whether or not ancillary to eminent domain proceedings; partition cases; 
suits to quiet title
; trespass to try title; lien foreclosures; and adjudication of all freehold and leasehold interests, easements, licenses, and boundaries of real property; with all ancillary or pendent jurisdiction necessary for adjudication of an eminent domain case as provided by Sections 21.002 and 21.003, Property Code.

Act of June 8, 1995, 74th Leg., R.S., ch. 328, § 3, 1995 Tex. Gen. Laws at 2833-34 (emphasis added).

a.  Section 25.0635(d)

The Carricos allege that the probate court had jurisdiction over their breach of contract cross-claim under section 25.0635(d).  To determine whether the cross-claim fell within the probate court’s jurisdiction under section 25.0635(d), we must first understand the nature of the cross-claim.  The Carricos’ cross-claim alleged that the Kondoses breached the ROFR.  A ROFR becomes an option contract once the landowner decides to sell the property.  
See, e.g., City of Brownsville v. Golden Spread Elec. Co-op, Inc.
, 192 S.W.3d 876, 880 (Tex. App.—Dallas 2006, pet. denied) (holding that a ROFR becomes an enforceable option once a property owner gives notice of his intent to sell).  An option contract does not pass title or transfer, sell, or convey any interest in property.  
See Graham v. Dean Gilbert, Inc.
, No. 05-97-01937-CV, 2000 WL 31798, at *1 (Tex. App.—Dallas Jan. 18, 2000, no pet.) (not designated for publication); 
see also Roberts v. Armstrong
, 231 S.W. 371, 374 (Tex. 1921); 
Click v. Seale
, 519 S.W.2d 913, 918 (Tex. Civ. App.—Austin 1975, writ ref’d n.r.e.).  Accordingly, the ROFR did not give the Carricos any title or interest in the property ultimately conveyed to Robbins, and any claim for breach of the ROFR is therefore not a claim involving legal title or interests in property.

Section 25.0635(d) authorizes the exercise of jurisdiction over eminent domain suits, suits to quiet title, cases adjudicating and determining land titles, cases adjudicating all freehold and leasehold interests, easements, licenses and boundaries of real property, and all ancillary and pendent jurisdiction necessary to adjudicate eminent domain cases, regardless of the amount in controversy.  Act of June 8, 1995, 74th Leg., R.S., ch. 328, § 3, 1995 Tex. Gen. Laws at 2833-34.  

The Carricos make excellent and persuasive arguments that the “regardless of the amount in controversy” language applies to each and every type of claim listed in government code section 25.063(d), thereby giving the Denton County statutory probate court unlimited amount-in-controversy jurisdiction over the statutorily identified claims.  But we need not address whether the “regardless of the amount in controversy” language of government code section 25.063(d) applies only to eminent domain cases or—as argued by the Carricos—also applies to each type of suit listed in subsection (d), because a breach of contract claim is undisputedly not identified in the statute as the type of claim over which the statutory probate court possesses jurisdiction.  Thus, section 25.063(d) does not confer subject matter jurisdiction on the statutory probate court over a breach of contract cross-claim; a breach of contract cross-claim does not fall within the ambit of the listed claims.  

Because the Carricos did not seek specific performance of the ROFR,
(footnote: 7) and because the ROFR did not convey any title or interest in real property, we hold that the statutory probate court did not have jurisdiction under section 25.0635(d) over the Carricos’ breach of contract cross-claim; that claim could not adjudicate or determine title to or interests in real property.  
See id.
  We therefore hold that section 25.0635(d), as it applies to the facts of this case, did not confer jurisdiction on the Denton County statutory probate court over the Carricos’ breach of contract cross-claim.

b.  Section 25.0635(b)

The Denton County statutory probate court 
did
 have subject matter jurisdiction over the breach of contract cross-claim if it fell within the ambit of section 25.0635(b).  Government code section 25.0635(b) gives the Denton County statutory probate court concurrent jurisdiction with statutory county courts.  
See 
Act of June 8, 1995, 74th Leg., R.S., ch. 328, 1995 Tex. Gen. Laws at 2833-34.
  Statutory county courts have concurrent jurisdiction with district courts over civil cases in which the amount in controversy is not less than $500 or more than $100,000.  
Tex. Gov’t Code Ann.
 § 25.0003(c)(1); 
Smith v. Clary Corp.
, 917 S.W.2d 796, 798 (Tex. 1996).  The probate court therefore had subject matter jurisdiction over the Carricos’ breach of contract cross-claim, but that jurisdiction is limited by the maximum and minimum amount-in-controversy limits in section 25.0003(c)(1).  
See United Servs. Auto. Ass’n v. Brite
, 50 Tex. Sup. Ct. J. 379, 2007 WL 283826, at *2-3 (Tex. Feb. 2, 2007).  As we discuss below, the Carricos’ claim exceeded those limits.

C. Amount-in-Controversy Exceeded Probate Court’s Jurisdictional Grant

In their fourth—live—amended cross-claim, the Carricos pleaded that they had “been and will continue to be damaged in the amount of $1,663,370.00 which is in excess of the 
maximum
 jurisdictional limits of this Court.” [Emphasis added.]  

A counterclaim, whether permissive or compulsive, must be within the court’s jurisdiction.  
Smith
, 917 S.W.2d at 798; 
see also French v. Moore
, 169 S.W.3d 1, 8 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (setting forth general rules for amount-in-controversy jurisdiction).  If even a compulsory counterclaim must independently satisfy a trial court’s amount-in-controversy jurisdiction, then clearly so must a cross-claim.  Here, the Carricos pleaded for and were awarded damages in excess of $100,000.  
Accordingly, the Denton County statutory probate court lacked amount-in-controversy jurisdiction over the breach of contract cross-claim under section 25.0635(b).  
See Clary
 
Corp.
, 917 S.W.2d at 798; 
see also Brite
, 2007 WL 283826, at *2-3 (holding that county court lacked subject matter jurisdiction where amended petition sought damages in excess of court’s maximum amount-in-controversy jurisdictional limit of $100,000).
  We sustain the Kondoses’ fifth issue.

IV.  Conclusion

Because our resolution of the Kondoses’ fifth issue is dispositive, we need not address their first four issues.  
See 
Tex. R. App. P.
 47.1.  Having sustained the Kondos’s fifth issue, we vacate the trial court’s judgment and dismiss this case for want of jurisdiction.  
See 
Tex. R. App. P.
 43.2(e);  
Thomas v. Long
, 207 S.W.3d 334, 338-39 (Tex. 2006) (explaining that court should dismiss claims over which jurisdiction is lacking).

SUE WALKER

JUSTICE

PANEL B:  LIVINGSTON, DAUPHINOT and WALKER, JJ.

DELIVERED:  March 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We do not address the merits of this issue because the subject matter jurisdiction issue is dispositive.  

3:
The Kondoses filed a motion to dismiss, alleging that the probate court lacked jurisdiction.  The record does not contain the transcript of the hearing on the Kondoses’ motion to dismiss, but in a subsequent hearing the probate court discussed its prior order denying the motion to dismiss and stated that it was “inclined to transfer the case to a district court to avoid any question.” 

4:
The jurisdictional issue was not raised in the prior appeal.

5:
Both statutes have been amended and repealed, respectively, since the Carricos filed their cross-claim, but we apply the statutes in effect at that time.

6:
In fact, the Carricos agree that “[i]n this case there was no estate or estate representative involved whatsoever, and the Carricos do not claim, nor have they ever claimed, that the jurisdiction of the trial court was founded on any provision of the Probate Code.”

7:
A claim seeking specific performance of a right of first refusal arguably may be an “adjudication and determination of land titles” under section 25.0635(d).  
See generally A.G.E., Inc. v. Buford
, 105 S.W.3d 667, 673 (Tex. App.—Austin 2003, pet. denied).  In their brief, the Carricos claim that they did seek specific performance in their cross-claim against the Kondoses.  But we have reviewed the Carricos’ live cross-claim and it does not seek specific performance.