COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CORRECTIONS PRODUCTS COMPANY, LTD., | § | No. 08-10-00319-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 225th District Court |
| | § | |
| GAISER PRECAST CONSTRUCTION, | § | of Bexar County, Texas |
| | § | |
| Appellee. | § | (TC# 2006-CI-09344) |

**O P I N I O N**

Appellant, Corrections Products Company, Ltd. (CPC), appeals from the trial court's confirmation of an arbitrator's award in favor of Appellee, Gaiser Precast Construction (Gaiser).[1] In Issue One, CPC contends the trial court lacked jurisdiction to render a judgment under the Texas General Arbitration Act (TAA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001-171.098 (West 2011). In Issue Two, CPC complains that the arbitrator committed a gross mistake that implies a lack of honest judgment in calculating equitable damages under a *quantum meruit* recovery. In Issue Three, CPC asserts the arbitration award should be vacated or modified under Section 171.088(a)(3)(A) of the Texas Civil Practice and Remedies Code because the arbitrator allegedly exceeded his powers. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 (West 2011). We affirm.

**BACKGROUND**

On June 3, 2004, CPC, as owner, and Gaiser, as contractor, entered into a contract for the

---

[1] As this case was transferred from our sister court in San Antonio, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

turnkey construction of an 18,000 square-foot office building. Gaiser thereafter filed suit against CPC on June 16, 2006, seeking: (1) an order foreclosing a mechanic's and materialman's lien on the subject property; (2) the recovery of damages arising from CPC's breach of contract and CPC's termination of the contract while owing Gaiser $200,000 for work performed; (3) an order of sale and writ of possession of the property, (4) pre- and post-judgment interest; (4) attorney's fees through appeal; and (5) costs of court and other relief.[2] Gaiser alternatively sought *quantum meruit* relief in the amount of $200,000.

The construction contract included this arbitration provision:

> 15. Arbitration
>
> Except as otherwise expressly provided in this agreement, any dispute or claim arising under or with respect to this agreement will be resolved by arbitration in San Antonio, Bexar County, Texas, in accordance with the rules of the American Arbitration Association [AAA] before a panel of three (3) arbitrators, one appointed by the contractor, one appointed by the owner, and the third appointed by said association. The decision or award of a majority of the arbitrators shall be final and binding upon the parties. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. The arbitrators may award reasonable attorney's fees for the services rendered the party or parties prevailing in any such action or proceedings.

On June 27, 2007, CPC sought to compel arbitration under Section 15 of the contract "pursuant to the Texas Arbitration Act [TAA] or, in the alternative, under the Federal Arbitration Act [FAA]," affirmatively stated that the arbitration agreement was valid, and contended that "all claims made by [Gaiser] in this lawsuit fall within the scope of the parties' arbitration agreement and must be submitted to arbitration." On July 6, 2007, the trial court issued an agreed order granting the motion to compel, which recited that the order was made after considering both CPC's motion and "the agreement of counsel." The agreed order specified that the parties agreed to amend their

---

[2] CPC's suit against George Gaiser Sr. was consolidated into the instant cause. The trial court thereafter granted partial summary judgment in favor of George Gaiser Sr.

agreement to arbitrate to require only one arbitrator (rather than a panel of three) to serve as arbitrator, and appointed Judge Rene Diaz as arbitrator.

The parties thereafter proceeded to arbitrate CPC's claims. No evidence exists in the record to show that forms were ever filed with AAA or that AAA was involved with the administration of the arbitration. Mr. Mark Randolph, CPC's original counsel, eventually withdrew and was replaced by William W. Sommers on July 24, 2008. Judge Diaz held prehearing conferences, inspected the subject property, and then conducted the arbitration between May 5 and 14, 2009.

On May 14, 2009, Judge Diaz asked Gaiser to file its closing brief by May 22, 2009, and requested that CPC file its reply brief by May 29, 2009. Judge Diaz then stated, "Rule 55 gives me 30 days from the 29th in order to complete my work. I'll try to do it more quickly, but that's the rule that I will be following." No party objected to Judge Diaz' recitation of "Rule 55."[3]

On July 29, 2009, more than 30 days from May 29, 2009, Judge Diaz issued his Arbitrator's Award with Reasoned Opinion, in which he found that Gaiser was not entitled to any recovery based upon the theory of substantial completion. However, Judge Diaz determined that Gaiser had performed extra work beyond the terms of the contract which met the legal and factual criteria for seeking recovery under the theory of *quantum meruit*. Judge Diaz also found that Gaiser was the first to breach the construction contract and had wrongfully terminated the contract while in material breach of its obligations thereunder. Implementing the analysis for determining *quantum meruit* damages set out in *Beeman v. Worrell*, 612 S.W.2d 953, 955-57 (Tex. Civ. App. – Dallas 1981, no writ), Judge Diaz determined that while CPC had established that the proper cost of replacing Gaiser's failed roof design and repairs was $43,141.88, the value of the completed

---

[3] CPC now contends that Judge Diaz mistakenly referred to AAA Rule 55 rather than Rule 42.

project to CPC exceeded the costs paid to Gaiser, and an award to Gaiser was necessary to avoid CPC's unjust enrichment. After determining that CPC's defensive theory of unclean hands was not sufficiently shown, Judge Diaz awarded to Gaiser *quantum meruit* damages in the amount of $89,794.68, attorneys' fees in the amount of $89,945, court costs of $2,699.95, and arbitration and reasoned-opinion fees of $6,150.

Although Judge Diaz believed Gaiser, as the prevailing party, would be entitled to pre-judgment interest as required by law, Judge Diaz stated that he did not have sufficient data with which to calculate the proper amount of interest and sought additional information from the parties by which he could render a supplemental award at no charge. Judge Diaz also found that Gaiser's lien on CPC's property was never properly perfected and again requested additional briefing of authorities by the parties upon which he could provide a supplemental ruling. The record contains no evidence that any party alleged or objected on the basis that Judge Diaz had failed to comply with AAA rules between June 29, 2009, the date on which Judge Diaz stated he would "complete his work," and July 29, 2009, the date on which Judge Diaz issued his "Arbitrator's Award with Reasoned Opinion." In fact, CPC's counsel affirmatively represented to the trial court at the August 5, 2010, hearing to confirm or vacate the award that it had not objected to Judge Diaz's delay in issuing an award within the 30-day time frame as prescribed under AAA Rule 42 until after Judge Diaz had rendered the initial award on July 29, 2009, and before his supplemental award on July 12, 2010.

CPC moved to vacate the July 29, 2009, arbitration award and remove Judge Diaz as arbitrator. On October 15, 2009, CPC filed its motion to vacate the arbitration award and remove Judge Diaz as arbitrator. On November 19, 2009, Gaiser filed its motion to confirm Judge Diaz'

4

award.

On December 8, 2009, Gaiser filed a response to CPC's motion to vacate the award. On January 11, 2010, the trial court entered an order on Gaiser's motion to clarify wherein he directed that Judge Diaz was to determine issues regarding Gaiser's request for pre-judgment interest and a constitutional lien as well as any other issues Judge Diaz considered to be outstanding.

Judge Diaz rendered his supplemental and final award in favor of Gaiser on July 12, 2010, and awarded Gaiser $89,794.68 plus pre-judgment interest from September 8, 2005, to July 12, 2010, in the amount of $78,298.48, and determined that Gaiser was entitled to a constitutional lien.

The trial court conducted its hearing on the parties' motions to confirm and vacate the final award on August 5, 2010. The trial court entered its final judgment on August 6, 2010, and, in confirming the arbitration award ordered: (1) that Gaiser recover from CPC the sum of $89,794.68 plus pre-judgment interest from September 8, 2005 to July 12, 2010, in the amount of $78,298.48, attorneys' fees, taxable costs, arbitration fees, and post-judgment interest thereon; (2) that Gaiser is awarded a constitutional lien on the described property, and that the lien be foreclosed and that Gaiser have foreclosure upon the described property; (3) that an order of sale be issued and executed in satisfaction of the judgment with any remaining unpaid balance to be taken out of CPC's other property and directing the manner in which proceeds from the sale, payment for the cost of sale, payment to the court, payment to Gaiser, and payment, if any, to CPC would be made, along with other relevant orders.

## DISCUSSION

### Trial Court Jurisdiction

In its first issue, CPC contends the trial court was without jurisdiction to render judgment

5

on the arbitration award under Section 171.081 of the TAA because the arbitrator admitted in the arbitration award that he did not conduct the arbitration pursuant to the agreement described by Section 171.001. TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001, 171.081 (West 2011). The parties' arbitration agreement provided that any dispute or claim arising from the agreement would be resolved by arbitration in accordance with the rules of the American Arbitration Association. Because the arbitrator failed to strictly adhere to American Arbitration Association rules as set forth in the parties' arbitration agreement, CPC asserts that the arbitrator "caused the trial court to lose the jurisdiction it originally had to enforce the arbitration clause in the parties' contract," and also "deprived the trial court of jurisdiction to render judgment on the arbitrator's award."[4] CPC reasons that the trial court lost jurisdiction because the arbitration award was not made pursuant to the arbitration agreement nor under the TAA.

The Texas Supreme Court has definitively declared that the TAA is not jurisdictional. *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 (Tex. 2011). Rather, the TAA provides that it is the making of an arbitration agreement which confers jurisdiction on the court to enforce an arbitration agreement and to render judgment on an arbitration award under the Act. TEX. CIV. PRAC. & REM. CODE ANN. § 171.081 (West 2011). The filing of an application for an order concerning arbitration, including a judgment or decree, invokes the jurisdiction of the court. TEX. CIV. PRAC. & REM. CODE ANN. § 171.082(a) (West 2011).

---

[4] Both the applicability of and the arbitrator's conformity with the AAA rules in the arbitration proceedings were raised before the trial court. In his "supplemental and final award," Judge Diaz found the AAA-rules issue to be moot, and stated that he was informed by original counsel to the proceedings that a strict application of the AAA rules was not contemplated by the parties at the time the case was referred to him for arbitration, that he was not and had never been affiliated with the AAA, a fact that he disclosed to the parties through their counsel, and that although he looked to AAA rules for guidance on disputed issues, those rules were not considered binding or mandatory to the proceedings. At the hearing to confirm or vacate the final arbitration award, the trial court heard testimony from CPC's original counsel, Mr. Randolph, on the AAA-rule issue. The trial court thereafter granted Gaiser's motion to confirm the award and denied CPC's motion to vacate the award.

6

CPC has not directed us to any authority which supports a finding that an arbitrator's act or omission may divest a trial court of its jurisdiction to confirm, modify, correct, or vacate an arbitration award, and we have found none. Issue One is overruled. Having found that the trial court was not deprived of jurisdiction, we proceed to consider CPC's second and third issues wherein it asserts the trial court's confirmation of the arbitration award should be vacated or modified.

*Standard of Review*

Texas law clearly favors arbitration. *East Texas Salt Water Disposal Company v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). An arbitration award is given the same effect as a judgment of last resort and is conclusive as to all matters of fact and law. *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 238 (Tex. 2002); *see also In re C.A.K.*, 155 S.W.3d 554, 560 (Tex.App. –San Antonio 2004, pet. denied).

The TAA permits a party to appeal a trial court's order that confirms, denies confirmation of, modifies, corrects, or vacates an arbitration award after a final judgment is rendered. TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a) (West 2011). We review a trial court's confirmation of an arbitration award *de novo* and our review of an arbitration award is extraordinarily narrow. *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262 (Tex. App. – San Antonio 2003, pet. denied). Our review of an arbitration award is, in fact, so limited that we may not vacate the award even if there is a mistake of fact or law. *Age Industries, Ltd. v. Edwards*, 318 S.W.3d 461, 463 (Tex.App. – El Paso 2010, pet. denied); *In re C.A.K.*, 155 S.W.3d at 560; *Stieren v. McBroom,* 103 S.W.3d 602, 605 (Tex.App. – San Antonio 2003, pet. denied).

In conducting our review, we indulge all reasonable presumptions in favor of the

7

arbitration award and none against it. *CVN Group, Inc.*, 95 S.W.3d at 238; *Providian Bancorp Servs. v. Thomas*, 255 S.W.3d 411, 415 (Tex.App. – El Paso 2008, no pet.); *Garza v. Phelps Dodge Refining Corp.*, 262 S.W.3d 514, 517 (Tex.App. – El Paso 2008, no pet.). If error cannot be demonstrated, an award must be presumed correct. *Nafta Traders, Inc.*, 339 S.W.3d at 102.

We review *de novo* a trial court's decision to confirm an arbitration award under the TAA and, in doing so, we review the entire record. *Providian Bancorp Servs.*, 255 S.W.3d at 414. We give strong deference to the arbitrator with respect to issues properly left to the arbitrator's resolution. *See Perry Homes v. Cull*, 258 S.W.3d 580, 587 (Tex. 2008) (review of an arbitrator's final award is deferential); *Xtria L.L.C. v. Intern. Ins. Alliance Inc.*, 286 S.W.3d 583, 591 (Tex.App. – Texarkana 2009, pet. denied); *Am. Realty Trust, Inc. v. JDN Real Estate-McKinney, L.P.*, 74 S.W.3d 527, 531 (Tex.App. – Dallas 2002, pet. denied).

Under the TAA, a court is required to confirm an arbitration award unless a party establishes: (1) that the award was obtained by corruption, fraud or other undue means; (2) the rights of a party were prejudiced by an arbitrator's evident partiality, corruption, misconduct, or wilfull misbehavior; (3) the arbitrator exceeded his power, refused to postpone the hearing after a showing of sufficient cause, refused to hear evidence material to the controversy, or conducted the hearing contrary to Sections 171.043-171.047 of the TAA or in a manner that substantially prejudiced the rights of a party; or (4) "there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection." TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087, 171.088(a) (West 2011). A challenging party bears the burden of establishing facts showing that an arbitrator has exceeded his power. *In re C.A.K.*, 155 S.W.3d at 564 (also

8

recognizing that an arbitrator exceeds his authority only when he decides a matter not properly before him).

*Vacatur and Modification Grounds*

In its second issue, CPC complains that although the arbitrator correctly found that Gaiser did not substantially complete the building, the arbitrator then committed a "gross mistake as would imply bad faith or failure to exercise honest judgment" upon using the appraised value of the building as completed, rather than as constructed by Gaiser, in commencing his calculation of damages under a theory of *quantum meruit*. Thus, CPC's second issue seeks vacatur of the arbitration award on common-law grounds rather than under the statutory provisions of the TAA. *See Universal Computer Systems, Inc. v. Dealer Solutions, L.L.C.*, 183 S.W.3d 741, 752 (Tex.App. – Houston [1st Dist.] 2005, pet. denied), *cert. denied,* 549 U.S. 1031 (2006) (under common law, an arbitration award may be set aside by a court only if the decision is tainted with fraud, misconduct, or gross mistake as would imply bad faith and failure to exercise honest judgment).

However, in its brief, CPC expressly acknowledges that it applied for and obtained an order compelling arbitration under the provisions of the TAA, and states in the presentation of its issues that "[i]t is undisputed that this suit is governed by the Texas Arbitration Act." As Gaiser correctly notes, CPC failed to raise any point of error for vacatur under the provisions of the TAA in relation to its damage-calculations complaint. Because we may not reverse a trial court's judgment for a reason not raised in a point of error, Issue Two is overruled. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993).

In its third issue, CPC asserts that the trial court erred in confirming and failing to vacate the arbitration award because Judge Diaz allegedly exceeded his powers when he failed to follow

9

AAA Rule 42 and thereby failed to render a decision within 30 calendar days of the close of the hearing.[5] TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A) (on application of a party, the trial court shall vacate an arbitration award if the arbitrator exceeded his powers). CPC argues that Judge Diaz' delay in rendering an award resulted in a subsequent one-year delay in the rendering of a final award, and contends this delay demonstrates that Judge Diaz exceeded his powers. For this reason, CPC argues the trial court erred in confirming the award and in failing to vacate the final award or modify the final award by excluding the near one-year period of delay from the calculation of pre-judgment interest awarded to Gaiser.[6] CPC does not direct us to any AAA rule identifying any consequence to Gaiser or remedy that may be available to CPC as a result of a Rule 42 violation, nor has it directed us to any direct or analogous authority for excluding the period of delay from the calculation of pre-judgment interest awarded for this

---

[5] Judge Diaz requested that CPC file its closing reply brief by May 29, 2009, and stated in the presence of CPC's counsel that he would be following "Rule 55" which permitted him 30 days to complete his work from May 29, 2009. No party objected to Judge Diaz' allegedly incorrect recitation to "Rule 55." Nor did CPC assert then, as it does now, that Judge Diaz wrongfully asserted that he had thirty days after which CPC was to file its closing reply brief within which to render an award. Rather, CPC now contends on appeal that under AAA Rule 42, Judge Diaz' award was due on June 13, 2009, thirty days after the "hearing closed" on May 14, 2009.

We disagree with CPC's assertion that the hearing closed on May 14, 2009. AAA Rule 42 states that the award shall be made promptly no later than 30 calendar days from the date of the closing of the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator. However, Rule 36 provides that if briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of documents, responses, or briefs, and that the time within which the arbitrator is to make the award shall commence to run upon the close of the hearing. Consequently, the hearing closed on May 29, 2009, the date on which Judge Diaz required CPC to file its closing reply brief.

[6] In his July 29, 2009, award, Judge Diaz specifically explained:

> The arbitrator believes that Gaiser, as the prevailing party, would also be entitled to prejudgment interest as required by law; however, the arbitrator is without sufficient data to calculate the proper amounts. This calculation will be left to the attorneys to calculate, [based] upon the amounts provided for in this award, prior to entry of any judgment. If no agreement on the amount of prejudgment interest can be reached, the arbitrator requests a short (1 Page) statement of facts and authorities from each party, and the arbitrator will provide a supplemental ruling at no additional charge to the parties.

This and the subsequent filings by both parties of briefs and motions demonstrate that several factors contributed to the delay of the final award and its confirmation.

reason.  *See* TEX. R. APP. P. 38.1(i) (requiring the brief to include appropriate citation to authority).

The issue of whether the AAA rules were to be utilized during the arbitration proceedings, and if so, were properly utilized was raised before the trial court.   Although Gaiser counters this third issue on a number of fronts, we first analyze its waiver argument.   Rule 38 of the AAA Rules specifies that "[a]ny party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object."   Judge Diaz rendered his initial award on July 29, 2009, more than thirty days after May 29, 2009, the date on which CPC's closing reply brief was due and on which the arbitration hearing closed.

Gaiser argues that CPC has waived its right to object to Judge Diaz' alleged non-compliance with Rule 42 because CPC proceeded with arbitration with knowledge that the arbitrator did not comply with Rule 42's requirement that the arbitrator make the award no later than 30 calendar days from the closing date of the hearing and because CPC failed to timely state its objection in writing in compliance with Rule 38.   At the hearing to confirm or vacate the final arbitration award on August 5, 2010, CPC's counsel affirmatively represented to the trial court that it had not objected to Judge Diaz's delay in issuing an award within the 30-day time frame as prescribed by Rule 48, and had failed to assert its objection until after Judge Diaz had rendered the initial arbitration award, which was adverse to CPC, on July 29, 2009.   While Rule 38 does not specify a time frame within which a written objection must be made, we are persuaded by Gaiser's waiver argument.   Because CPC did not object to Judge Diaz' non-compliance with the time provisions of Rule 42 until after Judge Diaz had rendered his award, we find CPC has waived this

11

issue.   To rule otherwise would sanction a party's challenge of an arbitration award on the basis of procedural non-conformity only after the party learned that the award is adverse to it and without raising the issue at a time when the arbitrator could act on the matter.   *See* TEX. R. APP. P. 33 (Preservation of Appellate Complaints), 34 (Appellate Record); *see also Nafta Traders, Inc.*, 339 S.W.3d at 102, n.80 (the principles of Texas Rules of Appellate Procedure 33 and 34 should govern appeals from arbitration awards).   Issue Three is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

January 30, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating