

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00518-CV

Sandra Garza **DAVIS** f/k/a Sandra C. Saks and Landen Saks,
Appellants

v.

Lauren Saks **MERRIMAN** and Marcus P. Rogers, Interim Trustee,
Appellees

No. 04-13-00875-CV

Sandra **SAKS**, Margaret Landen Saks, and Lee Nick McFadin III
Appellants

v.

Lauren **SAKS** a/k/a Gloria Lauren Nicole Saks and Marcus P. Rogers, Interim Trustee,
Appellees

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2011-PC-3466
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by: Karen Angelini, Justice

Sitting: Karen Angelini, Justice
Rebeca C. Martinez, Justice
Jason Pulliam, Justice

Delivered and Filed: March 4, 2015

AFFIRMED IN PART, DISMISSED FOR LACK OF JURISDICTION IN PART

In these consolidated appeals, the appellants, Margaret Landen Saks and her mother,

Sandra C. Saks, challenge a judgment confirming an arbitration award and an order in aid of

enforcement of judgment. The appellees, Lauren Saks and Marcus P. Rogers, urge us to affirm the judgment confirming the arbitration award and to dismiss for lack of jurisdiction the appeal from the order in aid of enforcement of judgment. We affirm the judgment confirming the arbitration award, but dismiss for lack of jurisdiction the appeal from the order in aid of enforcement of judgment.

**BACKGROUND**

These appeals arise from disputes concerning an inter vivos trust. In 1991, Sandra created the trust for the benefit of her children, "Gloria Lauren Nicole Saks ['Lauren'] and Margaret Landen Saks Merriman ['Landen'] and any other children later born or legally adopted . . . by Sandra Saks ['Sandra']." In accordance with the terms of the trust agreement, Sandra's sister, Diane Flores, was appointed trustee. Lauren and Landen are the trust's sole beneficiaries.

In August 2011, Lauren filed suit against Flores, the trustee, and Sandra, the settlor, in a statutory probate court in Bexar County, Texas. The suit, which alleged breaches of fiduciary duty and failures to comply with the trust agreement, sought an accounting and a constructive trust. Lauren also sought Flores's removal as trustee. On December 28, 2011, the probate court appointed Marcus P. Rogers as interim trustee. Thereafter, Rogers submitted a report to the probate court in which he concluded that any attempt by Flores to terminate the trust was ineffective.

On April 2, 2012, the parties entered into a mediated settlement agreement ("MSA"). The MSA required the parties to resolve future disputes by mediation and arbitration. Specifically, the MSA provided,

> If one or more disputes arise with regard to the interpretation and/or performance of this Agreement or any of its provisions, including the form of further documents to be executed, the Parties agree to further mediation in an attempt to resolve same with Thomas Smith, the Mediator[] who facilitated this settlement. In the event a dispute arises between the Parties, it is hereby agreed that the dispute shall be referred to Thomas Smith, the Mediator herein, for arbitration in accordance with the applicable United States Arbitration and Mediation Rules of Arbitration. The

arbitrator's decision shall be final and legally binding and judgment may be entered thereon . . . .

On May 8, 2012, the probate court signed an order approving the MSA and authorizing Rogers, the interim trustee, to sign the MSA. However, the order approving the MSA did not dismiss the claims in the underlying suit.

On August 21, 2012, Lauren filed a motion to compel arbitration, claiming that matters regarding the interpretation and performance of the MSA remained unresolved. On September 4, 2012, the probate court, in accordance with the MSA, ordered Sandra, Lauren, Landen, and Rogers to attend mediation and, if necessary, arbitration. The arbitration took place on October 18, 2012. The arbitrator's award ordered Sandra and Flores to execute certain documents conveying to the trust all of their rights, title, and interest in certain property "no later than October 31, 2012."

Sandra filed a motion asking the probate court to vacate the arbitrator's award. The motion was denied. Landen did not ask the probate court to vacate the arbitrator's award.

On May 7, 2013, the probate court signed a final judgment confirming the arbitrator's award. The probate court incorporated the arbitration award into its judgment and entered it as a judgment of the court. The arbitration award ordered Sandra and Landen to execute certain conveyance documents. Sandra and Landen appealed the judgment confirming the arbitrator's award. This appeal was docketed in this court as appellate cause number 04-13-00518-CV.

On November 14, 2013, the trial court signed an order titled, "Order in Aid of Enforcement of Judgment." In this order, the probate court found that Sandra and Landen had failed to comply with the arbitration award and the judgment confirming the arbitration award by failing to execute the conveyance documents as previously ordered, and deemed the documents executed. Sandra and Landen appealed this order. The latter appeal was docketed in this court as appellate cause number 04-13-00875-CV.

**JUDGMENT CONFIRMING THE ARBITRATION AWARD**

An arbitration award is given the same effect as a judgment of last resort and is conclusive as to all matters of fact and law. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *Stieren v. McBroom*, 103 S.W.3d 602, 605 (Tex. App.—San Antonio 2003, pet. denied). We review the trial court's judgment confirming an arbitration award de novo. *Corr. Products Co., Ltd. v. Gaiser Precast Constr.*, 394 S.W.3d 818, 823-24 (Tex. App.—El Paso 2013, no pet.); *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262 (Tex. App.—San Antonio 2003, pet. denied). In conducting this review, we indulge all reasonable presumptions in favor of upholding the arbitration award. *Gaiser Precast Constr.*, 394 S.W.3d at 824; *GJR Mgmt. Holdings*, 126 S.W.3d at 262. "Because Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *E. Texas Salt Water Disposal Co., Inc. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010).

No one disputes that the arbitration agreement in this case is governed by the Texas Arbitration Act ("TAA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. 171.001-.098 (West 2011). The TAA requires a trial court to confirm an arbitration award upon a party's application unless a party offers grounds for vacating, modifying, or correcting the award. *Callahan & Assoc. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West 2011)). When no grounds for vacating the award are presented, the trial court "on application of a party, shall confirm the award." TEX. CIV. PRAC. & REM. CODE § 171.087.

Bexar County Probate Courts Nos. 1 and 2 are statutory probate courts. *See* TEX. GOV'T CODE ANN. § 25.0171(c) (West Supp. 2014). Statutory probate courts have jurisdiction over actions by or against a trustee and actions involving inter vivos trusts. *See* TEX. ESTATES CODE ANN. § 32.006 (West 2014). This jurisdiction is concurrent with the jurisdiction of the district courts. *See* TEX. ESTATES CODE ANN. § 32.007 (West 2014). Statutory probate courts also have

jurisdiction over other matters, such as probate proceedings. *Stauffer v. Nicholson*, 438 S.W.3d 205, 215 (Tex. App.—Dallas 2014, no pet.).

### *Jurisdictional Arguments*

As a threshold matter, we note the arguments presented by Sandra and Landen are unrelated to any grounds presented in Sandra's motion to vacate the arbitration award.[1] Instead, Sandra and Landen argue the probate court was deprived of subject matter jurisdiction both at the time it compelled arbitration and at the time it rendered judgment confirming the arbitration award.[2] In making these jurisdictional arguments, Sandra and Landen acknowledge that the probate court acquired subject matter jurisdiction over Lauren's suit. However, according to Sandra and Landen, prior to compelling arbitration, the probate court lost subject matter jurisdiction either because (1) the trust had terminated or (2) the probate court's plenary power had expired. In response, Lauren and Rogers argue the probate court did not lose subject matter jurisdiction prior to compelling arbitration or prior to confirming the arbitration award.

We will address both jurisdictional theories presented by Sandra and Landen. Under their first theory, that the probate court lost subject matter jurisdiction because of the termination of the trust, Sandra and Landen contend that under the language of the trust agreement, Flores, as trustee,

---

[1]Landen filed a motion for new trial but did not file a motion to vacate the arbitration award.

[2]In appellate cause number 04-13-00518-CV, Sandra and Landen state their issues as follows:

1. Did the trial court's plenary power end on June 9, 2012, which was 30 days after the M[ediated] S[ettlement] A[greement] was approved on May 8, 2012?

2. Did the court lack jurisdiction to compel the parties to arbitration pursuant to an [o]rder dated September 5, 2012?

3. Was the arbitration award void because arbitration was commenced pursuant to a void court order rather than pursuant to a petition for arbitration filed in accordance with the United States Arbitration and Mediation Rules of Arbitration as provided in the Mediated Settlement Agreement?

4. Was the trial court's [j]udgment signed on May 7, 2013, approving a void arbitration award also void?

was authorized to terminate the trust and distribute the trust assets to the income beneficiaries. They further contend that, on or about December 21, 2011, Flores terminated the trust in accordance with the trust agreement, and the termination deprived the probate court of jurisdiction to compel arbitration.

In response, Lauren and Rogers argue the trust was never terminated. This argument is supported by the record. Both the MSA reached by the parties and the arbitration award are premised on the notion that the trust was not terminated. Additionally, Lauren argues that, even if the trust had been terminated, the probate court would not have been deprived of jurisdiction. According to Lauren, the probate court's jurisdiction was invoked when she filed the underlying suit alleging claims for breach of fiduciary duty and failures to comply with the trust agreement. Lauren contends that even if the trust had been terminated on December 21, 2011, her claims would have survived the termination of the trust, and therefore, the probate court would have retained subject matter jurisdiction. We find Lauren and Rogers's arguments convincing. We conclude that the probate court was not deprived of jurisdiction based on the argument that the trust was terminated.

Under their second theory, Sandra and Landen argue that the order compelling arbitration and the judgment confirming the arbitration award are void because they were signed after the probate court's plenary power expired. This argument is based on the theory that the order approving the MSA constituted rendition of a final judgment and the probate court's jurisdiction ended thirty days after it signed the order approving the MSA.

Mere approval of a settlement agreement does not constitute rendition of judgment. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995). And, as a general rule, "a judgment issued without a conventional trial is final if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a

final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). Courts determine whether an order amounts to a final judgment from its language and from the record in the case. *Id*. at 195.

> Here, the order approving the MSA provided, in relevant part,

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Court approves the Mediated Settlement Agreement attached to the Motion to Approve Settlement Agreement as Exhibit "A;" that Marcus P. Rogers, Interim Trustee of the Saks Children Family Trust or ATFL&L, is authorized to sign the Mediated Settlement Agreement attached to this Motion.

Thus, the order approving the MSA did not dispose of all claims and parties before the probate court, nor did it state with unmistakable clarity that it was a final judgment. *See Lehmann*, 39 S.W.3d at 192-93. Additionally, nothing in the record indicates that the order approving the MSA was a final judgment. Because the MSA was not a final judgment, the probate court's plenary power did not expire thirty days after the probate court signed the order.

The only case cited by Sandra and Landen that arguably supports their jurisdictional arguments is *Goodman v. Summit at West Rim, Ltd.*, 952 S.W.2d 930 (Tex. App.—Austin 1997, no pet.). In *Goodman*, the executor of a decedent's estate filed suit in the probate court to clear title to property owned by the estate. *Id*. at 932. In response, the defendant brought third-party claims against other entities. *Id*. Initially, the probate court exercised its ancillary jurisdiction over the third-party claims. *Id*. However, once matters concerning the estate were settled, the probate court dismissed all of the claims by and against the estate. *Id*. Thereafter, the third-party defendants moved to dismiss the claims against them on the ground that, once the claims involving the estate were settled, the probate court lacked subject matter jurisdiction to consider the ancillary claims. *Id*. The probate court agreed and dismissed the ancillary claims from the probate court. *Id*. The court of appeals upheld the dismissal, noting that the "probate court had discretion to resolve ancillary claims against third parties only to the extent that such claims were necessary to resolve

claims within its original jurisdiction. . . . The court's discretion undoubtedly vanished with the dismissal of the estate from the probate proceeding." *Id*. at 934.

Sandra and Landen's reliance on *Goodman* is misplaced. *Goodman* involved the probate court's ancillary jurisdiction over a claim related to a decedent's estate. *Id*. at 933. However, unlike *Goodman*, the present case was not a probate proceeding and it did not involve the exercise of ancillary jurisdiction. *See* TEX. ESTATES CODE ANN. § 22.029 (West 2014) (defining probate proceedings as proceedings or matters relating to a decedent's estate). Instead, the present case was an action against a trustee and it involved an inter vivos trust. *See* TEX. ESTATES CODE ANN. § 32.006; *Nicholson*, 438 S.W.3d at 214-15 (acknowledging that a statutory probate court has jurisdiction not only over matters against a trustee or involving an inter vivos trust, but also over probate proceedings). Thus, *Goodman* is inapplicable to the present case.

We conclude the probate court had subject matter jurisdiction at the time it compelled arbitration and at the time it rendered judgment confirming the arbitration award.[3] We, therefore, overrule Sandra and Landen's arguments that the order compelling arbitration and the judgment confirming the arbitration award were void.

### Remaining arguments

Rule 38.1(i) of the Texas Rules of Appellate Procedure requires a brief to contain a "clear and concise argument for the contentions made with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellate issue unsupported by argument or citation to the record or by appropriate legal authority presents nothing for our review. *Blankinship v. Brown*, 399 S.W.3d 303, 307 (Tex. App.—Dallas 2013, pet. denied). "Failure to cite legal authority or to

---

[3]We further note that the Texas Arbitration Act confers jurisdiction on trial courts to confirm arbitration awards at any time. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.082(a) (West 2011) ("The filing with the clerk of the court of an application for an order under this chapter, including a judgment or decree, invokes the jurisdiction of the court."); *see also* §§ 171.081; 171.087 (West 2011).

provide substantive analysis of the legal issues presented results in waiver of the complaint." *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.). As the reviewing appellate court, we have neither a duty nor a right to perform an independent review of the record and applicable law to determine if there was error. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

In their briefs, Sandra and Landen attempt to raise several other issues concerning the order compelling arbitration and the judgment confirming the arbitration award. However, the arguments made in support of these issues are wholly unsupported by citation to appropriate legal authority. We, therefore, conclude that Sandra and Landen's remaining issues challenging the judgment confirming the arbitration award present nothing for our review. *See* TEX. R. APP. P. 38.1(i).

### ORDER IN AID OF ENFORCEMENT OF JUDGMENT

Next, Sandra and Landen challenge the probate court's order in aid of enforcement of judgment.[4] This order states that Sandra and Landen failed to execute certain conveyance documents as ordered in the judgment confirming the arbitration award and deems these documents executed "by operation of law."

Generally, post-judgment orders made for the purpose of carrying into effect a prior judgment are not subject to appeal because they are not final judgments. *Wagner v. Warnasch*, 295 S.W.2d 890, 893 (Tex. 1956); *Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 855 (Tex. App.—Houston [14th Dist.] 2014, no pet.). A writ of execution and orders incident to such a writ are generally not appealable. *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex. App.—San Antonio 2001, no pet.). However, there are exceptions to this rule. A few types of post-judgment orders, such as

---

[4]Lee Nick McFadin III also filed a notice of appeal in appellate cause number 04-13-00875-CV. Rogers has moved to dismiss McFadin from this appeal because McFadin was not a party below. Because we conclude that we have no jurisdiction over an appeal from the order in aid of enforcement of judgment, Rogers's motion to dismiss McFadin is denied as moot.

those in the nature of a mandatory injunction, are appealable. *Walter*, 422 S.W.3d at 855; *id.*; *see Kennedy v. Hudnall*, 249 S.W.3d 520, 523-24 (Tex. App.—Texarkana 2008, no pet.) (concluding a particular turnover order was not in the nature of a mandatory injunction and therefore was not appealable).

Here, Lauren argues that the general rule applies in this case, and therefore, the appeal from the order in aid of enforcement of judgment must be dismissed. We agree that the order in aid of enforcement of judgment is not an appealable order. It is not in the nature of a mandatory injunction; it merely carries into effect the judgment confirming the arbitration award. Thus, it is not the type of post-judgment order that is reviewable by appeal. The appeal from the order in aid of enforcement of judgment is therefore dismissed for lack of jurisdiction. *See Walter*, 422 S.W.3d at 855-56 (dismissing appeal for lack of jurisdiction when challenged order did not fall within the limited class of appealable, post-judgment orders); *Qualia*, 37 S.W.3d at 129 (dismissing for lack of jurisdiction appeal from an order that simply provided for enforcement of a judgment in Mexico).

## DAMAGES FOR FRIVOLOUS APPEAL

In a cross-issue, Rogers urges this court to impose sanctions against Sandra and Landen for filing frivolous appeals. Rule 45 of the Texas Rules of Appellate Procedure allows an appellate court, after a determination that an appeal is frivolous, to award to the prevailing party "just damages." TEX. R. APP. P. 45. Typically, appellate courts award the amount of attorney's fees incurred by the appellee as proven by testimony or affidavit. *Walker v. Hardin*, No. 04-03-00864-CV, 2005 WL 899926, at *2 (Tex. App.—San Antonio April 20, 2005, no pet.); *see Smith v. Marshall B. Brown, P.C.*, 51 S.W.3d 376, 382 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (awarding $5,000.00 in appellate attorney's fees which were proven by affidavit). Here, however, Rogers has not provided an affidavit or other proof of his attorney's fees and expenses involved in

responding to these appeals. We, therefore, deny Rogers's request for sanctions against Sandra and Landen for filing frivolous appeals. *See Walker*, 2005 WL 899926, at *2 (declining to award appellee attorney's fees for a frivolous appeal in the absence of proof).

## CONCLUSION

The judgment confirming the arbitration award is affirmed. The appeal from the order in aid of enforcement of judgment is dismissed for lack of jurisdiction.

Karen Angelini, Justice